**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

G.R.J.H. INC.,

                                Plaintiff,

        - v -                                                      Civ. No. 1:07-CV-68
                                                                          (NAM/RFT)

OXFORD HEALTH PLANS, INC., correctly known as
OXFORD HEALTH PLANS, LLC.[1]

                                Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## <u>ORDER</u>

    For more than six months, the Defendant has been seeking from Plaintiff responses to its

Demands for Interrogatories and Production of Documents.  On October 5, 2007, this Court, *inter*

*alia*, directed the Plaintiff to respond to Defendant's Demands by October 31, 2007. Dkt. No. 12,

Text Order.  We further ruled that "[i]f Plaintiff fail[ed] to respond timely, Defendant may file a

Motion to Compel without further consultation with Plaintiff or the Court."  *Id*.   Apparently

Plaintiff failed to abide by this Text Order because Defendant filed a Motion to Compel on

November 13, 2007.  Dkt. No. 13.  The Return Date for this Motion is December 20, 2007.[2]

Pursuant to this District's Local Rules, Plaintiff's opposition to this Motion was due on December

3, 2007.  N.D.N.Y.L.R. 7.2.  No opposition was received.

## I.  BACKGROUND

    The pretrial litigation history is as follows: Defendant's First Demands for Interrogatories

---

[1] Defendant advises the Court that Plaintiff incorrectly plead it as Oxford Health Plans, Inc.  Dkt. No. 13-2, Virginia T. Shea, Esq., Lt., dated Nov. 13, 2007.

[2] On November 14, 2007, we issued a notice advising the parties that this Motion to Compel will be taken on submit.

and Production of Documents was served on July 17, 2007. Dkt. No. 13-3, Virginia T. Shea, Esq. Decl., dated Nov. 13, 2007, at ¶ 3. On August 22, 2007, Defendant spoke with Plaintiff who represented that responses would be provided shortly. Said representations were confirmed by a follow-up letter. *Id*. at ¶ 4. More than a month later, on October 5, 2007, this Court convened a telephone conference and threat ordered Plaintiff to respond to Defendant's Request no later than October 31, 2007; in the event Plaintiff failed to comply with this directive, Defendant could file a motion to compel without further consultation with Plaintiff or the Court. *Id*. at ¶ 7.

Based upon the above-mentioned events, this Court contemplated issuing a Report and Recommendation to the District Judge recommending that Plaintiff's claim be dismissed because it appeared that the action has not been diligently prosecuted, and also considering Plaintiff's failure to follow court orders. Realizing that there may not have been previous notice to Plaintiff that sanctions may possibly ensue, which could include dismissal, this Court issued an Order to Show Cause, dated December 26, 2007, directing Plaintiff to show good cause why this case should not be dismissed. Dkt. No. 14. The Order to Show Cause also stated that Plaintiff shall file a written response on or before January 11, 2008, and "no explanations communicated in person, over the telephone, or by letter shall be acceptable," and failure to respond "<u>will</u> result in this Court recommending dismissal of this action." *Id*. at pp. 2-3 (emphasis in original).

On January 11, 2008, the very last day for filing its written response, G.R.J.H. Inc.'s Response was received. Dkt. No. 15, Pl.'s Response to OSC. This Response comprised a litany of excuses and importunes. The excuses include, *inter alia*: comprehensive Responses were delivered via Federal Express (¶¶ 1 & 2); the delay was due to Plaintiff's attempts to be thorough, unavailability of a witness, who took a new position, and the difficulties in obtaining documents

*-2-*

from a non-party (¶¶ 3-6, 8, & 11); and Plaintiff's counselor suffered a serious illness (¶ 12).  *Id.*[3]

## II. DISCUSSION

When demands for interrogatory and production have been served, the responding party must respond to the demands within thirty (30) days after being served. FED. R. CIV. P. 26(3)(B), 33(b)(2) & 34(b)(2)(A).  Not only has Plaintiff defaulted on responding to discovery demands after repeated requests by Defendant and a Court Order, but it has compounded its difficulties by blatantly ignoring that Court Order.  FED. R. CIV. P. 37(b); *see also* Dkt. No. 12, Text Order, dated Oct. 5, 2007.  We reiterate that Plaintiff has not served nor filed any opposition to the Motion to Compel, and it was not until recently when Plaintiff responded to the Court's Order to Show Cause that we have any response by Plaintiff on the record.  Until January 11, 2008, it appeared that Plaintiff had failed to diligently prosecute its case and comply with a Court Order.

In accordance with Federal Rule of Civil Procedure 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct. *Metro. Opera Ass'n., Inc. v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)); *see also Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d. Cir. 1990) (stating a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of discretion). As the Second Circuit noted in *Update Art, Inc. v. Modiin Publ'g, Ltd.*, disciplinary sanctions under Rule 37 ensure that a party will not benefit from his or her failure to comply.  843 F.2d 67, 71 (2d Cir. 1988).  Sanctions are specific deterrents and are imposed for the purpose of obtaining

_____

[3] Conspicuously absent from Plaintiff's Response is the date that the "comprehensive" Responses were served by Federal Express or any proof of the service and the nature of the Plaintiff's counselor's serious illness. Dkt. No. 15, Pl.'s Resp. to OSC, dated Jan. 11, 2008.

compliance with the particular order issued, and intended as a general deterrent effect on the case at hand and the future, provided the party against whom sanctions are imposed was in some sense at fault. *Id*. (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (*per curiam*) & *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *see also Metro. Opera Assoc.*, 212 F.R.D. at 219 (citing *Nat'l Hockey League*, 427 U.S. at 643 & *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981) for the proposition that Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to use such conduct in the absence of such a deterrent).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action, on motion or its own initiative, for the failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or **a court order**[.]" FED. R. CIV. P. 41(b) (emphasis added). Rule 37 of the Federal Rules of Civil Procedure also authorizes dismissal of an action due to a party's failure to comply with discovery and/or court orders. *See also* N.D.N.Y.L.R. 1.1(d) & 7.1(d). Rule 37(d) states in part that "the court . . . may . . . order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or request for inspection under Rule 34, fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1(ii). Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(v). FED. R. CIV. P. 37(d). Included as a sanction in Rule 37(b) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v).

We note that, given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Dismissals pursuant to Rules 37 and 41 are within the discretion of the court pursuant to their authoritative and discretionary control over case

management and calendar congestion. *See Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd* , 152 F.3d 917 (2d Cir. 1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)); *see also Brown v. Lee*, 2007 WL 700950, at *3 (N.D.N.Y. Mar. 1, 2007) (citing, *inter alia*, *Dodson*).

The courts within this Circuit have found that the same test applies whether the basis for the dismissal is for a party's failure to prosecute or to abide by court order. *See, e.g., Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (failure to comply with court order may be treated as a failure to prosecute). In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with the Court Order; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peat v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor is dispositive. *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d at 485.

In reviewing the above factors, we find that Plaintiff has willfully disobeyed an Order of this Court and has not participated in discovery in good faith. Plaintiff has failed to comply with legitimate Demands for more than six months and a Court Order for more than two and one-half months. Even a Notice of the Motion to Compel did not generate a response from Plaintiff. Had the Court not resorted to issuing an Order to Show Cause advising Plaintiff of the real possibility of a sanction recommending dismissal of the action, we suspect that Plaintiff would not have

responded in any manner.

    We cannot ignore the fact that Plaintiff, on one occasion, verbally committed to Defendant

and the Court that it would provide responses to the Discovery Demands.  During the October 5th

Court Conference, we discussed with Plaintiff the repercussions for failing to timely respond to

Defendant's Demands.  Plaintiff had to be alerted that consequences would ensue if it continued to

fail to meet its pretrial litigation obligations.  Moreover, Plaintiff did not previously proffer any of

the excuses that it has outlined in the current Response to the Order to Show Cause.

    The Court is not persuaded by any of Plaintiff's excuses.  There was no proof presented that

during this six-month duration Plaintiff proffered any of the excuses found in their recent Response

to the Defendant.  We will agree with Plaintiff that responses need to be comprehensive and

complete but to delay those responses for nearly a half of a year is totally unreasonable.  Plaintiff

could have availed itself of several remedies that would have avoided this type of review.  Plaintiff

could have served what information it had in its possession at the time responses were due and then

supplemented those responses in a timely manner when additional or corrective information was

available.  FED. R. CIV. P. 26(e); *see also Lore v. City of Syracuse*, 2005 WL 3095506, at *3

(N.D.N.Y. Nov. 17, 2005); *Point Prod. A.G. v. Sony Music Entm't, Inc.*, 2004 WL 345551, at *9

(S.D.N.Y. Feb. 23, 2004); *Wechsler v. Hunt Health Sys. Ltd.*, 381 F. Supp. 2d 135, 155-56 (S.D.N.Y.

2003); *McEachron v. Glans*, 1999 WL 33597331, at *2-3 (N.D.N.Y. Feb. 24, 1999).  Had Plaintiff

asked this Court for an order, we could have directed "that the interrogatories need not be answered

until designated discovery is complete, complete, or until a pretrial conference or some other time."

FED. R. CIV. P. 33(a)(2).  Also, the parties could have entered into a stipulation to be presented to

the Court to extend the time to serve answers to the Demands.  FED. R. CIV. P. 29, 33(b)(2), &

34(b)(2)(A).  No stipulation was presented to the Court and Plaintiff does not represent that it suggested such an approach to Defendant.

If gathering information from a non-party was an issue, Plaintiff had available to it the power of subpoena pursuant to Rule 45.  FED. R. CIV. P. 45.  Further, we do not find convincing the fact that a witness whose employment had been transferred contributed substantially to this significant delay, and we do not agree with Plaintiff that the delay here was moderate.  This Court takes the disclosure of a severe illness seriously in terms of managing the case, but such a revelation, which could have been readily shared with Plaintiff's adversary and the Court, was not revealed until the very moment of this Order.

Defendant has dutifully pursued discoverable information in this action that would aid in properly defending the claims set forth against it and has been thwarted at every avenue by Plaintiff's "wilful, obstinate refusal to play by the basic rules of the system upon whose very power [it] is calling [on] to vindicate [its] rights." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (quoting the district court opinion, 117 F.R.D. 55, 58 (S.D.N.Y. 1987)).  Plaintiff's conduct has caused considerable delay in the pursuit of discoverable information.  The Uniform Pretrial Scheduling Order, dated June 19, 2007, extended the discovery deadline until January 31, 2008. Dkt. No. 10.  Assuming that the Responses to Defendant's Demands were served within the past week, Defendant would be relegated to less than a month to engage in depositions and any other aspect of discovery.  Reducing Defendant's discovery options in this manner has prejudiced the Defendant.  Without an extension of the discovery deadline, said delay has prejudiced the Defendant and has effectively prevented it from pursuing a viable defense.  Prejudice to the Defendant may be presumed by the amount of the delay. *See United States ex rel. Drake v. Norden*

-7-

*Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43

(2d Cir. 1982).   Defendant has also been prejudiced in that it has incurred costs associated with

Plaintiff's conduct by having to bring this Motion to Compel the Plaintiff's compliance, especially

after a previous Order was granted.   Such pecuniary fees and unnecessary motion practice are

directly attributable to Plaintiff.   Plaintiff's omission has rendered the Uniform Pretrial Scheduling

Order futile and the Court's management over the case meaningless.   An order issued by a court

must be obeyed, even if it is later shown to be erroneous.   *See Maness v. Meyers*, 419 U.S. 449, 458

(1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is

to appeal, but, absent a stay, he must comply **promptly** with the order pending appeal." (emphasis

added)).

One point on which the Court agrees with Plaintiff is that the imposition of sanctions is a

drastic remedy and should be considered when it has been established that a party's noncompliance

or failure was due to wilfulness, bad faith, or a callous disregard of the responsibilities mandated by

the Federal Rules of Civil Procedure or a court order.   *Nat'l Hockey League v. Metro. Hockey Club,*

*Inc.*, 427 U.S. 639, 639-40 (1976) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212

(1958)); *State of New York v. Almy Brothers, Inc.,* 1998 WL 57666, at *9 (N.D.N.Y. Feb. 4, 1998)

(McCurn, J); *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (McAvoy, J.) (flagrant bad

faith).   Even though Plaintiff's conduct borders on being wilful, at least, a callous disregard, the

Court is persuaded, nonetheless, that a lesser sanction may suffice in order to ensure further

compliance.   Nonetheless, the Court will not accept Plaintiff's argument that further sanctions are

unwarranted.   To do so would countenance such behavior and there would be no incentive for this

litigant and litigator, or any litigator for that matter, to comply with court orders or to act

*-8-*

accordingly under the Federal Rules of Civil Procedure.

We gave Plaintiff an opportunity to be heard and it has filed a Response. Dkt. No. 15. Those excuses do not rise to the level of a substantial justification for this lengthy delay. Thus, the imposition of a monetary sanction, a lesser sanction than dismissal, is justified under these circumstances. Because compliance with the Discovery Demands were made after the Motion to Compel was filed, such compliance was significantly prompted by the Court's subsequent Order to Show Cause, the Court must require Plaintiff to pay Defendant reasonable expenses incurred in making the Motion to Compel, including attorney fees. FED. R. CIV. P. 37(a)(5). As stated above, failure to serve answers to interrogatories and demands to produce and comply with a court order support the infliction of a monetary sanction. FED. R. CIV. P. 37(b), (c)(1)(A) & (d)(3).

It has been the Court's experience that approximately three hours are necessary to prepare a motion to compel. We also presume that a reasonable rate for litigation tasks in this District to be approximately $200 per hour. Therefore, we direct Plaintiff or its attorney to pay to Defendant's attorney the sum of $600 within thirty (30) days of this Order.

We were not served with a copy of the Answers to Defendant's Demands. Hence, we do not know if Plaintiff filed any objections to any of the Interrogatories or Demanded Documents. To the extent objections were filed, those objections are deemed waived, and Plaintiff is directed to provide appropriate answers forthwith.

Accordingly, based upon all of the foregoing, it is hereby

**ORDERED**, that Defendant's Motion to Compel (Dkt. No. 13) is now rendered moot; and it is further

**ORDERED**, that Plaintiff or Plaintiff's attorney shall pay Defendant's attorney the sum of

$600, as reasonable attorney fees and expenses.  The attorney fees shall be paid to Defendant's attorney within thirty (30) days of this Order; and it is further

ORDERED, that if Defendant believes that it may need more time to complete discovery, it shall file electronically an application with the Court.

IT IS SO ORDERED.

Date:   January 15, 2008
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-10-